ABNER PHELPS *vs.* ASA P. MORSE.

In an action of tort for forcibly entering the plaintiff's close and taking up and converting two posts, the taking and conversion of the posts is matter of aggravation, and disproving it does not defeat the action.

ACTION OF TORT, commenced before a justice of the peace. The declaration alleged that "the defendant forcibly entered the plaintiff's close," (described,) "and took and carried away two cedar posts erected and set up for the purposes of designating the boundaries of said close, and converted them to his own use." The defendant by an oral plea denied the plaintiff's right to maintain the action.

At the trial in the court of common pleas before *Perkins,* J., there was evidence that the defendant and his servant entered the plaintiff's close and removed a fence, of which the cedar posts were not part; and that his servant removed said posts; but there was conflicting evidence upon the question whether these posts were removed in the presence of the defendant or by his direction. The defendant requested the judge to instruct the jury, that unless they were, the action could not be maintained. But the judge refused; and instructed the jury that "if they found that the defendant had committed the trespass on the plaintiff's land as charged in the declaration, they might find him guilty, though they might not be satisfied that he took up and converted the cedar posts, but in this latter case they would find only nominal damages." The jury returned a verdict for the plaintiff for nominal damages, and the defendant alleged exceptions.

*J. A. Jacobs,* for the defendant.

*C. R. Train,* for the plaintiff.

BY THE COURT. The allegation of the removal of the posts was merely by way of aggravation, and disproving that did not defeat the action. *Eames* v. *Prentice,* 8 Cush. 337. *Knapp* v. *Slocomb, ante,* 75.            *Exceptions overruled.*